## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **JUMPSPORT, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIV. A. NO. 6:17-cv-00662** |
| | § | **JURY TRIAL REQUESTED** |
| **THE HOME DEPOT, INC.,** | § | |
| **HOME DEPOT USA, INC., and** | § | |
| **HOME DEPOT PRODUCT** | § | |
| **AUTHORITY, LLC** | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

JumpSport's trampoline enclosure technology revolutionized the backyard trampoline market. The Home Depot, Inc., Home Depot USA, Inc., and Home Depot Product Authority, LLC, (collectively, "Home Depot" or "Defendants") are major sellers of trampoline systems that embody and use JumpSport's patented enclosure technology, but have no authority to practice JumpSport's patents. So JumpSport files this patent suit asserting U.S. Patent Nos. 6,053,845 and 6,261,207 and seeks redress for the damage it has suffered as a result of Defendants' infringement.

### PARTIES

1.     Plaintiff and patent owner JumpSport, Inc. is a corporation formed under the laws of California with a principal place of business at 1680 Dell Avenue, Campbell, CA 95008.

2.     JumpSport pioneered the integration of safety enclosures with trampolines, improving safety and minimizing the risk of injury.

3.      Today, JumpSport markets a line of award-winning trampolines featuring their patented safety enclosure system.

4.      Defendant The Home Depot, Inc., is a domestic for-profit corporation formed under the laws of Delaware with its headquarters at 2455 Paces Ferry Road NW, Atlanta, GA 30339.  On information and belief, Defendant The Home Depot, Inc., ceased payments of franchise taxes to the State of Texas, but may on information and belief be served with process through Corporation Service Company D/B/A CSC Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701 and also maintains a registered agent at CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Cobb, Marietta, Georgia, 30060.

5.      Defendant Home Depot USA, Inc., is a domestic for-profit corporation formed under the laws of Delaware with its headquarters at 2455 Paces Ferry Road NW, Atlanta, GA 30339.  Defendant Home Depot USA, Inc., may be served with process through its registered agent, Corporation Service Company D/B/A CSC Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

6.      Defendant Home Depot Product Authority, LLC, is a domestic for-profit limited liability company formed under the laws of Georgia with its headquarters at 2455 Paces Ferry Road NW, Atlanta, GA 30339.  Home Depot Product Authority, LLC, may be served with process through its registered agent, Corporation Service Company D/B/A CSC Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

7.      Defendants The Home Depot, Inc. and Home Depot USA, Inc., directly and

through their subsidiaries, own and operate Home Depot stores in this district and throughout Texas, and sell the accused products through the Home Depot website (www.homedepot.com), whose registrant and administrator is Defendant Home Depot Product Authority, LLC, who is also the purported rights holder for the content of www.homedepot.com according to its copyright notice.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

9.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

10.      This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

11.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

12.      Home Depot operates retail stores in this district including at 3901 Old Jacksonville Highway, Tyler, TX 75701.

13.      Home Depot's retail stores in the district are regular and established physical places of business through which Home Depot transacts business involving the accused products.

14.      Home Depot distributes products, including those accused of infringement in

this case, to residents of the district who place orders through Home Depot's website.

15.     Home Depot markets, sells, and delivers products embodying the asserted patents to customers in this district.

16.     Customers wishing to return accused products purchased through Home Depot's website may do so at a Home Depot store, and customers residing in this district are permitted to retrieve infringing products that they ordered on the Home Depot website at Home Depot retail stores located in this judicial district, including the Home Depot store at 3901 Old Jacksonville Highway in Tyler, Texas.

17.     Home Depot also hosts on its website installation guides that instruct customers in this judicial district and elsewhere on a step-by-step basis how to assemble the claimed systems and practice the claimed methods that JumpSport asserts in this suit. *See, e.g.*, http://www.homedepot.com/catalog/pdfImages/3b/3b6d354a-944e-4a06-a044-6def4e8686b1.pdf.

18.     JumpSport has suffered damages in this district due to Home Depot's infringing conduct.

## ACCUSED HOME DEPOT PRODUCTS

19.     Home Depot carries several brands of trampoline-enclosure systems and at least the following products that embody one or more claims of the '845 and '207 Patents:

| Jumpking 10 ft. Trampoline Enclosure Combo | Internet #300646685 | Model # JK1044 |
|---|---|---|
| 9 ft. by 14 ft. American Star Trampoline Enclosure Combo | Internet #300687476 | Model # JK914AS |

| | | |
|---|---|---|
| Dura-Bounce 15 ft. Outdoor Trampoline Set | Internet #303130412 | Model # 9315TS |
| Dura-Bounce 8 ft. Trampoline and Enclosure Set | Internet #303131287 | Model # 9308TS |
| Dura-Bounce 14 ft. Trampoline and Enclosure Set | Internet #207129723 | Model # 9314TS |
| 9 ft. by 14 ft. Green Trampoline Enclosure Combo | Internet #300687521 | Model # JK914GR |
| 8 ft. by 12 ft. Fern Trampoline Enclosure Combo | Internet #300687451 | Model # JK812FN |
| 14 ft. Trampoline Enclosure Combo Jumpking | Internet #300687297 | Model # JK1466C2 |
| 15 ft. Trampoline Enclosure Combo Orbounder | Internet #300687325 | Model # OR1413B6A1-DAL |
| 8 ft. by 12 ft. Green Trampoline Enclosure Combo | Internet #300687462 | Model # JK812GR |
| 8 ft. by 12 ft. American Star Trampoline Enclosure Combo | Internet #300687443 | Model # JK812AS |
| 15 ft. Trampoline Enclosure Combo | Internet #300687271 | Model # JK1566C2 |
| Dura-Bounce 12 ft. Trampoline with Enclosure | Internet #207129742 | Model # 9312TS |
| Mega Trampoline 10 ft. x 17 ft. - Fiber Flex Enclosure System | Internet #301184984 | Model # UBRTG01-1017 |
| 12 ft. Trampoline and Enclosure Set Equipped with Easy Assemble Feature | Internet #205516324 | Model # UBSF01-12 |
| 15 ft. Trampoline with Top Ring Enclosure System | Internet #205516328 | Model # UBSF02-15 |
| 13 ft. Trampoline with Top Ring Enclosure System | Internet #205516309 | Model # UBSF02-13 |
| Bazoongi 12 ft. Trampoline Enclosure Combo | Internet #300687375 | Model # BZ1213A6C1-DAL |

| | | |
|---|---|---|
| Easy Assemble Spacious 8 ft. x 14 ft. Rectangular Trampoline with Fiber Flex Enclosure Feature | Internet #205516331 | Model # UBRTG01-814 |
| 10 ft. Trampoline and Enclosure Set Equipped with Easy Assemble Feature | Internet #205516323 | Model # UBSF01-10 |
| 7.5 ft. Trampoline and Enclosure Set Equipped with Easy Assemble Feature | Internet #205516168 | Model # UBSF01-7.5 |
| 8 ft. Trampoline with Top Ring Enclosure System | Internet #205516320 | Model # UBSF02-8 |
| Easy Assemble Spacious 9 ft. x 15 ft. Rectangular Trampoline with Fiber Flex Enclosure Feature | Internet #205516348 | Model # UBRTG01-915 |
| 16 ft. Trampoline and Enclosure Set Equipped with Easy Assemble Feature | Internet #205516343 | Model # UBSF01-16 |
| Easy Assemble Mega 9 ft. x 15 ft. Rectangular Trampoline with Fiber Flex Enclosure System | Internet #301239927 | Model # UB03EC-915E |

20.    These accused products and substantially similar products sold, offered for sale, made, imported, used, or distributed by Home Depot meet each and every limitation of the asserted claims of the '845 and '207 Patents.

21.    For example, claim 1 of the '845 Patent recites a trampoline having a frame, rebounding mat coupled to the frame by spring members, independent poles extending above the rebounding mat, and a flexible safety enclosure coupled to the poles and rebounding mat.  Each of the Home Depot accused products meets these limitations.

22.    Home Depot markets the accused products as trampolines with enclosures and stresses the safety features of the claimed subject matter of the '845 and '207 Patents.

23.    Each of the accused products includes a frame, rebounding mat (as exemplified below in the pictures of the infringing products), and independent poles extending above the mat and supporting a safety enclosure.

24.    Home Depot sells and markets the following exemplary accused products (Pure Fun 9308TS, Upper Bounce Mega/UBRTG01-915, and YJUSA JK1044):



Pure Fun 9308TS



Upper Bounce UBRTG01-915



YJUSA JK1044

25.     To meet the safety standards of the American Society for Testing and Materials (ASTM), sellers must include a safety enclosure when offering a recreational trampoline for sale.

26.     Home Depot values and relies upon offering each accused product for sale in compliance with ASTM F381-16.

27.     ASTM F381-16 provides in part:

**4. Included Components**

4.1  When a trampoline is offered for sale, it shall include the following: (*1*) a frame, (*2*) a bed, (*3*) a suspension system, (*4*) frame padding (where the frame is in the plane of the bed), (*5*) an enclosure in compliance with Safety Specification F2225, (*6*) an information packet, and (*7*) suitable markings.

ASTM F381-16

28.     ASTM F2225, titled "Standard Safety Specification for Consumer Trampoline Enclosures," is a companion standard to ASTM F381.

29.     The Home Depot accused products purport to comply with ASTM Safety Specification F2225.

30.     The accused products include a safety enclosure to protect against the risk of injury from fall-offs or frame impacts.



Pure Fun 9308TS



Upper Bounce UBRTG01-915



The enclosure net is now fitted and you have completed step 6.

YJUSA JK1044

31.     In each accused product, the rebounding mat is coupled to the frame by spring members as exemplified below in pictures from the manuals for the Pure Fun 9308TS, Upper Bounce UBRTG01-915 and YJUSA JK1044:



2.  Connect all 4 corners springs to corner top rail.

Upper Bounce UBRTG01-915



Pure Fun 9308TS



YJUSA JK1044



32.   The accused products include plural independent poles and a plurality of support members comprising a fence support structure (as recited in the claims) as exemplified by the Pure Fun 9308TS pictured below:



33.   As shown above, at least one of the plural independent poles does not extend

to the ground.  In certain products such as the Pure Fun 9308TS shown above, for example, the poles may bow uninhibited by the other poles and act as tubular springs that become loaded with energy in the manner of a drawn bow.

34.    Further, independent poles may be connected to horizontally-extending frame portions and to leg members (but never to two or more leg members) via removable fasteners, such as brackets or U-bolts.



35.    The accused products feature a top line (or flexible loop as recited in certain claims) that extends between upper ends of the independent poles as exemplified by a red arrow below:



Pure Fun 9308TS



Upper Bounce UBRTG01-915



YJUSA JK1044

36.    End caps with brackets receive the top line.



Pure Fun 9312TS
Screen capture from Pure Fun
How-To Video
https://www.youtube.com/watch?v
=HGUI0-4CJiQ





37.    Home Depot accused products feature a safety enclosure comprising a flexible material coupled to said independent poles and to the rebounding mat.

38.    The safety enclosure is coupled to the independent poles and rebounding mat, which helps in absorbing impact forces to the enclosure.

39.    The Home Depot 9308TS assembly instructions caution end users to "insert each Upper Pole and slide down to the Lower Pole attached to the trampoline, one at a time to distribute the tension of the enclosure netting evenly."

40.    If not met literally, asserted claims requiring brackets to receive the top line

are infringed under the doctrine of equivalents because the end caps in the accused products perform the same function (receiving the top line) in substantially the same way (using the tops of the poles to constrain mobility of the top line) to achieve substantially the same result (a firm coupling of the enclosure to the poles and efficient transfer of forces among the enclosure, the poles, and the rebounding mat).

41.     Home Depot accused products feature end caps shaped with openings formed in the cap as exemplified below:



Pure Fun 9312TS
Screen capture from Pure Fun
How-To Video
https://www.youtube.com/watch?v
=HGUI0-4CJiQ



Upper Bounce Enclosure Net Hook Pole Cap

42.     Home Depot accused products feature a flexible bottom line attached to the enclosure and extending between adjacent poles at a level below the top line.

43.     An example of the bottom line in the accused products is shown below:







44.     Home Depot uses several methods of attaching the safety enclosure to the rebounding mat or other component of the system in the accused products.  Shown above is attachment of the flexible enclosure to inelastic V-rings and clips.

45.     Each of the accused products meets the requirement under ASTM F2225-13, Section 4.1.1, including pole caps to cover the ends of the independent poles, and these caps in the accused products are shaped or made of a material to absorb energy from an impact.

46.     Home Depot accused products use T-brackets or U-bolts to couple poles to legs.  To the extent the claims reciting at least one U-bolt are not infringed literally, these limitations are met under the doctrine of equivalents because fasteners or fabricated brackets perform substantially the same function as a fastener that includes at least one U-bolt (coupling the poles to the legs) in substantially the same way (harnessing the weight supported by the legs to constrain the lateral mobility of the poles) to achieve substantially the same result (the poles remain securely in place).

47.     Resilient sheaths are installed on the accused product poles to absorb impact forces from jumpers.

48.     Sleeves made of foam or other material designed to absorb impact energy are resilient sheaths.

**STEP 12:**

**Parts:**
    Part 10 (x6) - Upper Pole with Cap
    Part 11 (x6) - Pole Cover

Slide x6 Pole Covers (11) to an Upper Pole with Cap (10) to have x6 completed pieces

## Pure Fun 9308TS

4.   Cover all the poles with PVC sleeve Ⓖ
Upper Bounce UBRTG01-915

49.     Flexible enclosure material in the Home Depot accused products is fence netting, typically made of woven material with open spaces between cords or fibers.

50.     Circular, oval, or substantially rounded enclosures in the Home Depot accused products meet the '207 claim 9 limitation of a generally cylindrical wall made of a flexible material.

51.     The accused products integrate the frame, legs, poles, and enclosure such that they operate as a system to absorb impact energy as recited in the asserted claims.

## COUNT 1
## (INFRINGEMENT OF U.S. PATENT NO. 6,053,845)

52.      JumpSport incorporates paragraphs 1 through 51 herein by reference.

53.      JumpSport, Inc., is the owner, by assignment, of U.S. Patent No. 6,053,845 (the "'845 Patent") titled "Trampoline or the Like with Enclosure."  A true and correct copy of the '845 Patent is attached as Exhibit A.

54.      The '845 Patent claims asserted herein are valid and enforceable.

55.      The '845 Patent was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

56.      Home Depot has no consent or authorization to practice the '845 Patent.

57.      Home Depot directly infringes one or more claims of the '845 Patent, including at least claims 1, 2, 3, 5, 7, 8, and 17 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused products having flexible safety enclosures as recited in the asserted claims.

58.      By this Complaint, Home Depot is on notice of the '845 Patent, the products that infringe the '845 Patent, and how they infringe.  Home Depot will be liable for contributory and/or inducing infringement if Home Depot's infringing conduct continues.

59.      For example, Home Depot will be liable under 35 U.S.C §271(b) when it knowingly induces others to infringe by encouraging, aiding, and abetting the use, assembly, and installation of the accused trampolines and safety enclosures.  Enclosure systems of the accused products have no substantial non-infringing use but to infringe the asserted claims.

60.     Home Depot specifically intends the enclosure systems to be installed on the accused trampolines to infringe the asserted claims.

61.     Home Depot maintains an interactive website upon which prospective customers ask questions that Defendants answer in furtherance of their knowing inducement of others' assembly of the '845 Accused Products.

62.     JumpSport has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiff in an amount that adequately compensates it for Defendants' infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2
## (INFRINGEMENT OF U.S. PATENT NO. 6,261,207)

63.     JumpSport, Inc. incorporates paragraphs 1 through 62 herein by reference.

64.     JumpSport, Inc., is the owner, by assignment, of U.S. Patent No. 6,261,207 (the "'207 Patent") titled "Trampoline or the Like with Enclosure."

65.     A true and correct copy of the '207 Patent is attached as Exhibit B.

66.     The claims asserted herein of the '207 Patent are valid, enforceable, and the '207 Patent was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

67.     Defendants directly infringe one or more claims of the '207 Patent, including claims 9, 14, 15, 17, 18, 25, 26, 30, 31, 33, and 34 under section 271(a) by making, using, selling, offering for sale, importing, and/or distributing the accused products.

68.     Home Depot has no consent or authorization to practice the '207 Patent.

69.     By this Complaint, Home Depot is on notice of the '207 Patent, the products that infringe the '207 Patent, and how they infringe.  Home Depot will be liable for contributory and/or inducing infringement if Home Depot's infringing conduct continues.

70.     Home Depot encourages, directs, aids, and abets the use, assembly, and installation of these products and the enclosure systems have no substantial non-infringing use.

71.     Home Depot specifically intends the accused enclosure systems to be installed and used to infringe the asserted claims.

72.     For example, Home Depot will be liable under 35 U.S.C §271(b) when it knowingly induces others to infringe by encouraging, aiding, and abetting the use, assembly, and installation of the accused trampolines and safety enclosures.  Enclosure systems of the accused products have no substantial non-infringing use but to infringe the asserted claims.

73.     Home Depot maintains an interactive website upon which prospective customers ask questions that Defendants answer in furtherance of their knowing inducement of others' assembly of the '207 Accused Products.

74.     JumpSport has been damaged as a result of Home Depot's infringing conduct.  Home Depot is thus liable to JumpSport in an amount that adequately compensates it for Home Depot's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## SECTION 287 NOTICE

75.     JumpSport has complied with 35 U.S.C. § 287 by marking its products.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

76.     Defendants are hereby notified they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendants know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

77.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant

devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Defendants' agents, resellers, or employees if Defendants' electronically stored information resides there.

78.    Defendant are hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendants' claims and/or defenses.  To avoid such a result, Defendants' preservation duties include, but are not limited to, the requirement that Defendants immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendants' electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

JumpSport hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

JumpSport prays for the following relief:

That Defendant The Home Depot, Inc., Defendant Home Depot USA, Inc., and Defendant Home Depot Product Authority, LLC, be summoned to appear and answer;

That the Court enter an order declaring that Defendant The Home Depot, Inc., Defendant Home Depot USA, Inc., and Defendant Home Depot Product Authority, LLC, have infringed the '845 and '207 Patents;

That the Court find that this is an exceptional case under 35 U.S.C. § 285;

That the Court grant Plaintiff judgment against Defendant The Home Depot, Inc., Defendant Home Depot USA, Inc., and Defendant Home Depot Product Authority, LLC, for all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages pursuant to 35 U.S.C. 284 including, if necessary, an accounting of all damages; pre- and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

Such further relief to which JumpSport may show itself justly entitled.

Dated: November 21, 2017

Respectfully submitted,

**CONNOR LEE, PLLC**
609 Castle Ridge Road
Suite 450
Austin, Texas 78746
512-777-1254 (Main)
888-387-1134 (Fax)

By: _____
    Cabrach J. Connor
    State Bar No. 24036390
    Email: cab@connorleepllc.com
    Jennifer Tatum Lee
    Texas Bar No. 24046950
    Email: jennifer@connorleepllc.com

**ATTORNEYS FOR JUMPSPORT, INC.**