## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| JUMPSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC., HOME DEPOT USA, INC., and HOME DEPOT PRODUCT AUTHORITY LLC, <br> Defendants. | Civil Action No. 6:17-cv-00662 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT HOME DEPOT'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT, JURY DEMAND AND COUNTERCLAIMS**

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), incorrectly sued herein as The Home Depot, Inc. and Home Depot Product Authority[1], hereby files its Answer and Defenses to Plaintiff JumpSport Inc.'s ("Plaintiff" or "JumpSport") Original Complaint and Jury Demand filed November 21, 2017 (the "Complaint").

**GENERAL DENIAL**

Except as expressly admitted herein, Home Depot denies each and every allegation contained in the Complaint.

---

[1] The Home Depot, Inc. and Home Depot Product Authority LLC have been improperly named in this action. The Home Depot, Inc. and Home Depot Product Authority LLC do not make, use, sell, offer for sale, or import any product or service accused of infringement in this action. The relevant operating entity for the purpose of this action is Home Depot U.S.A., Inc. Defendant anticipates filing a joint motion to substitute Home Depot U.S.A., Inc. as the named party to this action. Any and all allegations related to The Home Depot, Inc. and Home Depot Product Authority LLC are expressly denied.

## PARTIES

1. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies the same.

2. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the same.

4. The Home Depot, Inc. has been improperly named in this action and, accordingly, denies all allegations pled as to it.

5. Home Depot admits that Home Depot U.S.A., Inc. is a Delaware corporation with its headquarters at 2455 Paces Ferry Road NW, Atlanta, GA 30339.  The remaining allegations of Paragraph 5 contain legal conclusions to which no response of Home Depot is required.

6. Home Depot Product Authority LLC has been improperly named in this action and, accordingly, denies all allegations pled as to it.

7. Home Depot admits that it operates certain stores in this District and sells at least certain of the accused products through its website.  The remaining allegations of Paragraph 7 contain legal conclusions to which no response of Home Depot is required.

## JURISDICTION AND VENUE

8. Home Depot admits that the Complaint purports to allege an action arising under the patent laws of the United States.

9. The allegations of Paragraph 9 of the Complaint contain legal conclusions to which no response of Home Depot is required.

10. Home Depot specifically denies that it has committed any acts of infringement. Home Depot admits that it has conducted certain business in Texas and the Eastern District of Texas. The remaining allegations of Paragraph 10 of the Complaint contain legal conclusions to which no response of Home Depot is required. To the extent they are construed to contain factual allegations requiring a response, they are denied.

11. The allegations of Paragraph 11 of the Complaint contain legal conclusions to which no response of Home Depot is required. To the extent this paragraph is construed to contain factual allegations requiring a response, they are denied.

12. Admitted.

13. Home Depot admits that it has retail stores in this District and Home Depot admits it sells at least certain of the accused products through its website. The remaining allegations of Paragraph 13 contain legal conclusions to which no response of Home Depot is required. To the extent they are construed to contain factual allegations requiring a response, they are denied.

14. Home Depot admits it sells at least certain of the accused products through its website, and that the products are available in this District. Home Depot denies the remaining allegations contained in Paragraph 14 and denies that it has committed any acts of infringement.

15. Denied.

16. Home Depot admits that customers buying at least certain of the accused products online can pick them up at a store in this District, and Home Depot admits that at least certain of the accused products can be returned to Home Depot stores in this District. Home Depot denies it has committed any acts of infringement.

17. Home Depot states that the installation guides speak for themselves. To the extent the allegations of Paragraph 17 distort or mischaracterize the text of said installation guides, they are denied. Home Depot denies it has committed any acts of infringement.

18. Denied.

19. Home Depot admits that it offers at least certain of the trampoline products listed in Paragraph 19 for sale. Home Depot denies the remaining allegations of Paragraph 19.

20. Denied.

21. The '845 Patent speaks for itself, and to the extent the allegations of Paragraph 21 distort or mischaracterize the '845 Patent, they are denied. Home Depot denies it has committed any acts of infringement.

22. The marketing material of the accused products speak for themselves, and to the extent the allegations of Paragraph 22 distort or mischaracterize the marketing material, they are denied.

23. Home Depot states that the aspects of the accused products speak for themselves. To the extent that JumpSport distorts or mischaracterizes these aspects, they are denied.

24. Home Depot admits that it sells at least certain of the accused products online and that the pictures provided in Paragraph 24 appear to reflect the Pure Fun 9308TS, Upper Bounce Mega/UBRTG01-915, and YJUSA JK1044, at least in part. To the extent these pictures distort or mischaracterize these products, they are denied. Home Depot denies the remaining allegations set forth in Paragraph 24.

25. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 25, and therefore denies the same.

26. Denied.

27. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 27, and therefore denies the same.

28. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 28, and therefore denies the same.

29. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 29, and therefore denies the same.

30. Home Depot admits that the pictures provided in Paragraph 30 appear to reflect the Pure Fun 9308TS, Upper Bounce Mega/UBRTG01-915, and/or YJUSA JK1044 at least in part. To the extent these pictures distort or mischaracterize the enclosures contained in these products, they are denied.

31. Home Depot states that the manuals for the Pure Fun 9308TS, Upper Bounce Mega/UBRTG01-915, and YJUSA JK1044 speak for themselves. To the extent these allegations distort or mischaracterize the coupling found in these products, they are denied.

32. Home Depot states that the picture provided in Paragraph 32 appears to reflect the Pure Fun 9308TS, which speaks for itself. To the extent that the picture distorts or mischaracterizes this product, it is denied.

33. Home Depot states that the aspects of the accused products speak for themselves. To the extent that JumpSport distorts or mischaracterizes these aspects, they are denied.

34. Home Depot states that the assembly photo for the Upper Bounce Mega/UBRTG01-915 speaks for itself. To the extent that the photo distorts or mischaracterizes this product, it is denied. Home Depot denies the remaining allegations set forth in Paragraph 34.

35. Home Depot states that the pictures provided in Paragraph 35 with respect to the Pure Fun 9308TS, Upper Bounce Mega/UBRTG01-915, and YJUSA JK1044 speak for themselves. To the extent that the photos distort or mischaracterize these products, they are denied. Home Depot denies the remaining allegations set forth in Paragraph 35.

36. Home Depot states that the photos for the Pure Fun 9312TS, Upper Bounce Mega/UBRTG01-915 and YJUSA JK1044 speak for themselves. To the extent these pictures distort or mischaracterize end caps contained in these products, they are denied. Home Depot denies the remaining allegations set forth in Paragraph 36.

37. Home Depot states that the features of the accused products speak for themselves, and expressly denies that said products infringe the patents-in-suit.

38. Home Depot states that the features of the accused products speak for themselves, and expressly denies that said products infringe the patents-in-suit.

39. Home Depot specifically denies having "Home Depot 9308TS assembly instructions."

40. Denied.

41. Home Depot states that the photos for the Pure Fun 9312TS and the Upper Bounce Enclosure speak for themselves. To the extent these pictures distort or mischaracterize end caps contained in these products, they are denied. Home Depot denies the remaining allegations set forth in Paragraph 41.

42. Home Depot states that the features of the accused products speak for themselves, and expressly denies that said products infringe the patents-in-suit.

43. Home Depot states that the assembly photos for the Pure Fun 9308TS and Upper Bounce Mega/UBRTG01-915 speak for themselves. To the extent these pictures distort or

mischaracterize the actual instructions, they are denied.  Home Depot denies the remaining allegations set forth in Paragraph 43.

44.     Home Depot states that the assembly photos for the YJUSA JK1044 speak for themselves.  To the extent these pictures distort or mischaracterize the actual instructions, they are denied.  Home Depot denies the remaining allegations set forth in Paragraph 44.

45.     Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore denies the same.

46.     Denied.

47.     Home Depot states that the features of the accused products speak for themselves, and expressly denies that said products infringe the patents-in-suit.

48.     Home Depot states that the assembly photos for the Pure Fun 9308TS and Upper Bounce Mega/UBRTG01-915 speak for themselves.  To the extent these pictures distort or mischaracterize the actual instructions, they are denied.

49.     Home Depot states that the features of the accused products speak for themselves, and expressly denies that said products infringe the patents-in-suit.

50.     Denied.

51.     Denied.

### COUNT 1
### (INFRINGEMENT OF U.S. PATENT NO. 6,053,845)

52.     Home Depot incorporates its responses to Paragraphs 1-51 of the Complaint herein.

53.     Home Depot admits that U.S. Patent No. 6,053,845 is entitled "Trampoline or the Like with Enclosure."  Home Depot admits that a copy of the '845 Patent is purportedly attached

to the Complaint as Exhibit A. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53, and therefore denies the same.

54. Denied.

55. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies the same.

56. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies the same.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT 2
### (INFRINGEMENT OF U.S. PATENT NO. 6,261,207)

63. Home Depot incorporates its responses to Paragraphs 1-63 of the Complaint herein.

64. Home Depot admits that U.S. Patent No. 6,261,207 is entitled "Trampoline or the Like with Enclosure." Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64, and therefore denies the same.

65. Home Depot admits that a copy of the '207 Patent is purportedly attached to the Complaint as Exhibit B. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65, and therefore denies the same.

66. Denied.

67. Denied.

68. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies the same.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## SECTION 287 NOTICE

75. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies the same.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

76. The allegations of Paragraph 76 of the Complaint contain legal conclusions to which no response of Home Depot is required.

77. The allegations of Paragraph 77 of the Complaint contain legal conclusions to which no response of Home Depot is required.

78. The allegations of Paragraph 78 of the Complaint contain legal conclusions to which no response of Home Depot is required.

## JURY DEMAND

Home Depot requests a jury trial on all claims and defenses so triable.

**PRAYER FOR RELIEF**

Home Depot denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any relief whatsoever in connection with the patents-in-suit.

**DEFENDANT'S AFFIRMATIVE AND ADDITIONAL DEFENSES**

Home Depot asserts the following affirmative and additional defenses to the allegations in the Complaint:

**First Defense**

Home Depot denies that venue is proper in this District under 28 U.S.C. § 1400(b), and denies that this District is the most convenient or otherwise appropriate forum for adjudication of this Action.

**Second Defense**

Plaintiff's claims are barred wholly or in part because Plaintiff has failed to state a cause of action for which relief can be granted.

**Third Defense**

Home Depot has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the patents-in-suit.

**Fourth Defense**

To the extent Plaintiff alleges Home Depot has indirectly infringed, either by contributory infringement or inducement of infringement, or has willfully infringed the patents-in-suit, Home Depot is not liable because such alleged acts have been performed before Home Depot was aware that its actions would allegedly be infringing.

**Fifth Defense**

The patents-in-suit are invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation § 101.  More specifically, the patents-in-suit are invalid for failing to claim patentable subject matter.

**Sixth Defense**

The patents-in-suit are invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation, §§ 102 and/or 103, in light of prior art predating the applicable priority date of the patent-in-suit.

**Seventh Defense**

The patents-in-suit are invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation, § 112, because their claims fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, by operation of the doctrines of laches, estoppel, waiver, and/or unclean hands.

**Ninth Defense**

Plaintiff's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287.  Among other things, Plaintiff's claims for damages for patent infringement are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**Tenth Defense**

To the extent assignment of the patents-in-suit was not effected prior to the commencement of the instant action, Plaintiff's claims are barred wholly or in part as a consequence of Plaintiff's lack of standing to bring its claims of patent infringement.

**Eleventh Defense**

Plaintiff is estopped wholly or in part from claiming infringement by Defendant of the patents alleged, as a consequence of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that resulted in the alleged issuance of the patents claimed by Plaintiff.

**RESERVATION OF RIGHTS**

Home Depot reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

**HOME DEPOT'S COUNTERCLAIMS FOR DECLARATORY RELIEF**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Home Depot U.S.A., Inc. ("Home Depot") hereby asserts the following Counterclaims to JumpSport Inc.'s ("JumpSport") Complaint as follows:

**Nature of the Action**

1. This Counterclaim seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Home Depot does not infringe any valid and enforceable claim of U.S. Patent Nos. 6,053,845 (the '845 Patent) and 6,261,207 (the '207 Patent) and that the patents-in-suit are invalid.

**Parties**

2. Home Depot is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Atlanta, Georgia.

3. Based on Paragraph 1 of the Complaint, JumpSport, Inc. is a corporation formed under the laws of California.

**Jurisdiction And Venue**

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Personal jurisdiction over JumpSport is proper because, *inter alia*, JumpSport has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). The foregoing is without waiver to Home Depot's arguments that this venue is not the most convenient or otherwise appropriate forum for adjudication of this action.

**COUNT ONE**
**Declaration of Non-Infringement of the Patents-in-Suit**

7. Home Depot incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 – 6 of the Counterclaims above, inclusive.

8. By virtue of JumpSport's filing of the Complaint herein, an actual controversy exists between Home Depot and JumpSport with respect to Home Depot's alleged infringement of the patents-in-suit.

9. Home Depot is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the patents-in-suit.

**COUNT TWO**
**Declaration of Invalidity of the Patents-in-Suit**

10. Home Depot incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 – 9 of the Counterclaims above, inclusive.

11. By virtue of JumpSport's filing of the Complaint herein, an actual case or controversy exists between Home Depot and JumpSport regarding the validity of the patents-in-suit.

12. The claims of the patents-in-suit are invalid for failure to satisfy one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

13. Home Depot is entitled to a judicial declaration and order that the patents-in-suit are invalid.

## JURY DEMAND

Home Depot requests a jury trial on all claims and defenses so triable.

## PRAYER FOR RELIEF

WHEREFORE, Home Depot requests judgment in its favor and against JumpSport, Inc. as follows:

(i) Plaintiff recover nothing and its Complaint be dismissed with prejudice;

(ii) The Court declare that Home Depot has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the patents-in-suit;

(iii) The Court declare and order that the patents-in-suit are invalid;

(iv) That Plaintiff's request for injunctive relief against Home Depot be denied;

(v) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Home Depot its reasonable attorney fees in this action;

(vi) All costs be taxed against Plaintiff; and

(vii) Home Depot be granted such other and further relief as the Court deems just and proper.

Dated: February 12, 2018	Respectfully submitted,

	*/s/ Nicholas G. Papastavros*
	Nicholas G. Papastavros
	Massachusetts State Bar No. BBO635742
	**DLA PIPER LLP (US)**
	33 Arch Street, 26th Floor
	Boston, MA  02110-1447
	Telephone:	617.406.6000
	Facsimile:	617.406.6119
	nick.papastavros@dlapiper.com

	**ATTORNEY FOR DEFENDANT
	HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 12, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

	*/s/ Nicholas G. Papastavros*
	Nicholas G. Papastavros